O’Nearl J.
delivered the opinion of the Court.
In this case, three questions present themselves for consideration: 1st. Had the defendant as mortgagee the right to rule the sheriff to pay over to her the money arising from the sale of the negroes of Bracey % 2d. Can an order, made for the payment of the money to her, be supported ? 3d. If it can, may not the plaintiff be allowed to move to have it rescinded, as obtained by mistake.
The first question is one which has not as yet been directly decided. In cases of mortgages of real estate, the Courts of this State have repeatedly decided that they have no power to inter *22 fere by rule at the instance of the mortgagee. Exparte City Sheriff, 1 M’C. 399. M’Clure v. Mounce, 2 M’C. 424. State v. Laval, 4 M’C. 336. So that in cases of real estate the question *s at rest> an<^ onN remains to be seen whether the Court will interfere by rule at the instance of a mortgagee of a personal chattel. I have no difficulty in coming to the conclusion that an original motion for a rule at his instance ought to be denied. No person is entitled to a rule, but the parties appearing on the record in Court. The mortgagee of a personal chattel, in that character is not, and cannot be a party in a Court of law: for he is the owner of the chattel, subject it is true, to a condition defeazant, upon the compliance with which he is divested of his right of property. He may maintain trespass against any one who should wrongfully seize it, as in the case of a levy by the sheriff, under an execution junior to the mortgage : or he might maintain assumpsit for the surplus left after satisfying an elder execution. As mortgagee, his remedy of foreclosure is either by his own act in-taking possession of and selling the chattel, or by the intervention of the Court of Equity. He may deliver his mortgage to the sheriff, and make him his agent to sell. But this is a personal and not an official agency. A case might-be conceived, where the mortgagee on a rule against the sheriff by an execution creditor, might perhaps obtain an order to be made for the payment of the money to him. As where a senior and junior execution are levied, and the mortgage is interposed, and the sheriff constituted the mortgagee’s agent to sell; in such case, on the sheriff’s returning these facts, and they not being contested, I incline to the opinion that the Court might order the surplus after satisfying the elder execution, to be paid to the mortgagee : but this is a mere obiter dictum, and is not intended to indicate a settled opinion.
2d. Notwithstanding that the defendant as mortgagee is not in that character entitled to a rule, yet it may be, that an order directing a payment to her would conclude all parties to it. Ináquestion involving as this does, the jurisdiction of a Court to pronounce the order which was made in favour of the defendant as mortgagee, this distinction should be borne in mind: that when the Court has no jurisdiction over the subject-matter presented to it for adjudication, consent can never give it jurisdiction; but if the matter is within its jurisdiction, and in litigation between the *23 parties before the Court, and a third party applies for relief in that matter, which cannot be granted to him for want of jurisdiction, then I apprehend that if the parties litigant consent that he should have the relief which he seeks, the Court may grant the order, and it will conclude them. As a general rule, the Court is bound prima facie, to presume every thing necessary to support a judgment. Here, the order is the only thing appearing on paper. If in any state of things that order could be regularly made, it is our duty to presume that they all appeared to the Court before it was granted. The defendant, in the execution under which the levy and sale were made, would, after satisfying it and all other executions in the sheriff’s office against him, be entitled to rule the sheriff for the surplus. He could authorize any one he pleased to receive it. If he authorized the mortgagee to do so, she would for this purpose be in the place of the defendant, and might in that way rule the sheriff, and obtain an order making the rule absolute. If the defendant and sheriff in Court, on a rule against the sheriff by the defendant for the surplus, consented that it should be ordered to be paid to the defendant, the mortgagee, then it would follow that the order could he rightfully made, and would conclude them. Presuming then, that one or the other of this state of facts was presented to the Court, we should be constrained to say that it had jurisdiction to make the order, and that the plaintiff was concluded by it. In coming to this conclusion, we are not unaware that orders are frequently granted on exparte applications without due investigation. The practice ought to be, that an order should never be granted, until all parties to be affected by it were regularly notified of the motion, and were represented in Court, or had consented to it in writing.'
3d. If the plaintiff’s case had rested on the abstract question as to the effect of the order, his motion would have failed; but he alleges now, that that order was obtained by mistake, and this fact is founded on a reasonable probability. For it appears that at the time he sold the negroes, and when the order was obtained in favour of the defendant, he had in his office an execution for about $400, marked “ Jas. K. Douglas v. Randall Bracey, executor of S. Bracey,” elder than the mortgage. This execution, it now appears, was against the mortgagor, R. Bracey, in his own right, and not as executor. The sheriff might have *24 been misled by the erroneous marking of the execution, and under this belief may have concluded that all liens elder than the mortgage, were satisfied, and hence may have consented to the order. If this be so, he ought not to be prejudiced by it. This Court will not willingly see injustice done to any one, unless forced to it by some positive rule of law. Over motions for new trials, and, as a preventative of injustice, arising from mistake, or surprise, the Court exercises a sound discretion. The exercise of that discretion in this case, may prevent injustice to the plaintiff, and cannot injure the defendant.
The motion for a new trial is therefore granted, and leave is given to the plaintiff to move the next Court of Common Pleas for Sumter District, to rescind the said order.
Johnson J. and Evans J. sitting for Harper J. who was absent from indisposition, concurred.
Motion granted.